UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

FILED

SEP 16 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ______ DEPUTY CLERK

**BANCO ACTINVER, S.A. INSTITUCION DE BANCA MULTIPLE, GRUPO FINANCIERO ACTINVER, TRUSTEE OF THE INVESTMENT TRUST NO. 3599 ITS ADMINISTRATOR, AMISTAD GLOBAL DEVELOPMENT, S.A. DE C.V.,**
*Plaintiff,*

**v.**

**JEMSTEEL SALES, LLC,**
*Defendant.*

Case No.: **DR:25-CV-00095-EG-MHW**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Before the Court is the Report and Recommendation (the "Recommendation"), ECF 15, of the Honorable Matthew Watters, United States Magistrate Judge, entered on July 9, 2026. Judge Watters recommends that the Court grant Defendant Jemsteel Sales, LLC's (the "Defendant") Motion to Dismiss (the "Motion"), ECF 6, filed on February 16, 2026. Upon review of the Recommendation, the record, and the applicable law, the Court **ADOPTS** the Recommendation and **GRANTS** the Motion.

This case arises from Defendant's alleged breach of contract. (ECF 15 at 1). Plaintiff asserts that the Court has jurisdiction pursuant to the forum selection clause contained in the contract despite the parties nor the property being connected to Texas. (*Id.*). Defendant has moved to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) on the basis that it did not submit to a federal court's jurisdiction, but instead to the jurisdiction of a Val Verde County state court. (*Id.* at 1–2).

None of the parties have filed an objection to the Recommendation "within fourteen days after being served with a copy . . . ." 28 U.S.C. § 636(b)(1). Accordingly, the Court reviews the Recommendation to determine whether it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

It is the plaintiff's burden to establish personal jurisdiction exists when a defendant files a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2). *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 211 (5th Cir. 2016) (citing *Herman v. Cataphora, Inc.*, 730 F.3d 460, 464 (5th Cir. 2013)). Texas law controls the interpretation of the forum selection clause and requires that courts must give the terms within it their "plain, ordinary, and generally accepted meaning." *Dynamic CRM Recruiting Sols., L.L.C. v. UMA Educ., Inc.*, 31 F.4th 914, 920 (5th Cir. 2022) (citing *Heritage Res., Inc. v. NationsBank*, 939 S.W.2d 118, 121 (Tex. 1996)). The forum selection clause that Plaintiff alleges creates personal jurisdiction states as follows:

> In any action prosecuted by Lessor [Plaintiff] for the interpretation and performance of this Guaranty, the Guarantor [Defendant] agrees, at Lessor's exclusive option, to submit itself to the jurisdiction *of* Val Verde County, in the State of Texas. The applicable laws will be those of the State of Texas. The parties expressly waive the right to any other jurisdiction that may have as a result of its present or future domiciles or due to any other cause whatsoever.

(ECF 15 at 2) (emphasis added). The Fifth Circuit distinguishes between, and gives separate meaning to, the words "in" and "of" in forum selection clauses. *Compare Alliance Health Group, LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 399–402 (5th Cir. 2008) (holding that a forum selection clause stating that "venue shall occur *in* Harrison County" and containing "no reference to courts *of* that county" allowed the defendant to be sued in either state or federal courts located in Harrison County), *with Dixon v. TSE Int'l Inc.*, 330 F.3d 396, 397–98 (5th Cir. 2003) (holding that a forum selection clause stating that "[t]he Courts *of* Texas, U.S.A., shall have

jurisdiction . . ." consented to only jurisdiction by Texas state courts and not federal courts) (emphasis added). The federal courts of the Western District of Texas located *in* Val Verde County are not courts *of* Val Verde County, but rather are courts *of* the United States. *Dixon v. TSE Int'l Inc.*, 330 F.3d 396, 398 (5th Cir. 2003). Therefore, the Court concludes the findings and conclusions within the Recommendation are neither clearly erroneous nor contrary to law.

**IT IS THEREFORE ORDERED** that the Honorable Magistrate Judge Matthew Watters's Report and Recommendation, ECF 15, is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant Jemsteel Sales, LLC's Motion to Dismiss, ECF 6, is **GRANTED**.

**SIGNED**, this 16th day of September 2026.

Ernest Gonzalez

ERNEST GONZALEZ
UNITED STATES DISTRICT JUDGE